UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:12-CR-66-TAV-HBG-1 |
| ) | |
| JOHN WESLEY GOSS, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's Motion to Release on Conditions [Doc. 829]. Pursuant to 18 U.S.C. § 3143 and on the basis of exceptional circumstances, the defendant moves the Court to release him from custody on conditions pending his sentencing hearing. In support of this request, the defendant submits that he was arrested on June 20, 2012. He waived his right to a detention hearing, and thus has been in custody since June 20, 2012. On June 20, 2013, the defendant pleaded guilty to the offenses charged in the superseding indictment. The defendant submits his sentencing hearing has been continued numerous times due to the defendant's cooperation with the government in the prosecution a related case.

The defendant has submitted documentation indicating that in September 2013, he was diagnosed with stage IV cancer. At that time, his life expectancy was less than one year. In October 2013, the defendant participated in two days of depositions to preserve his testimony in case he was unable to testify in the trial of the related case. The

defendant did ultimately testify in that trial on November 18 and 19, 2014. Also in October 2013, the defendant began a course of chemotherapy with the University of Tennessee Cancer Specialists in hopes of prolonging his life. He has continued those treatments but recent test results show that the cancer has progressed and is terminal. On February 2, 2015, the defendant's doctor indicated that the first course of chemotherapy did not succeed in stopping the advance of cancer. The defendant now has a life expectancy of three months or less.

The defendant moves for release based upon his physical condition. His doctor has indicated that it has been difficult to treat the defendant while he is incarcerated and that the defendant would be better served by continuing the last portion of his treatment outside of jail. The defendant notes he would live with his parents in Rockwood, Tennessee, if released. He maintains that he would comply with any and all conditions imposed upon him, including house arrest or electronic monitoring, noting that he would have no reason to leave his home other than for medical appointments.

The government responded, asserting that "is not in a position to oppose the Defendant's motion" because "reasonableness compels the United States to acknowledge that granting the Defendant's motion would not be an abuse of discretion" [Doc. 834]. In support of this position, the government notes that it has engaged in a search of all federal cases in order to find guidance for the particular circumstances of this case, but its research has not uncovered any cases with clearly similar facts. Even so, the government submits that *United States v. Varney*, No. 12-09-ART-HAI-(1), 2013 WL 2406256, at *1

2

(E.D. Ky. May 31, 2013), and *United States v. Koon*, 6 F.3d 561 (9th Cir. 1993), are instructive.

The defendant has pleaded guilty to conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), and is thus subject to mandatory detention. 18 U.S.C. § 3143(a)(2). The defendant argues that exceptional reasons—his current health condition—exist, which make detention pending sentence inappropriate.

The United States Court of Appeals for the Sixth Circuit has found that 18 U.S.C. § 3145(c) does not preclude a district judge from making a determination that "exceptional reasons" exist in support of release, even though that provision appears at the close of a section on review and appeal. *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002). In *United States v. Christman*, the Sixth Circuit clarified its position on this issue, holding that a defendant subject to mandatory detention pursuant to § 3143(a)(2) may be released if it is "clearly shown" that there are "exceptional reasons" why detention is inappropriate. 596 F.3d 870, 870 (6th Cir. 2010). The Sixth Circuit, however, has not definitively ruled on what constitutes the sort of "exceptional reasons" that would justify release pending sentencing, nor does the statute itself define the parameters of an "exceptional reason." Courts outside the Sixth Circuit, however, appear to agree that circumstances must be "uncommon," or "rare," and that the reasons should "set [the defendant] apart from any one else convicted of" a similar crime or crimes.

*Koon*, 6 F.3d at 563. It has also been noted that exceptional reasons exist where there is "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Disomma*, 951 F.2d 494, 497 (2d Cir. 1991); *see also United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) ("We have said that 'exceptional' means something 'clearly out of the ordinary, uncommon, or rare.'" (citation omitted)). In each case, "the determination of whether 'exceptional reasons' have been clearly shown is quintessentially a fact-intensive inquiry requiring a case by case analysis," and the district judge, therefore, has broad discretion in the factors the judge might consider when determining whether exceptional reasons for release exist. *Koon*, 6 F.3d at 564; *DiSomma*, 951 F.2d at 497 (noting that district judges have "the full exercise of discretion in these matters").

After considering the parties' positions on whether the defendant should be released pending sentencing, the Court finds that exceptional reasons exist here. The defendant has been diagnosed with terminal cancer and is expected to live for a very short time. While the defendant has been receiving treatment in custody, his doctor has indicated that treating him while he has been incarcerated has been difficult and that the defendant would be better served by continuing the last portion of his treatment outside the jail. The Court also notes the defendant's level of cooperation in this case and a related case. Finally, the Court considers the government's position.

Having found that exceptional reasons exist here, the Court must also address the defendant's risk of flight or danger to the community. *See* 18 U.S.C. § 3145(c) (requiring

4

satisfaction of conditions in § 3143(a)(1) for release). The Court has reviewed the record and determines by clear and convincing evidence that the defendant poses neither a risk of flight nor a danger to the community.

Accordingly, the defendant's motion [Doc. 829] is **GRANTED**. The Court **ORDERS** that the United States Marshal release the defendant pending sentencing on the following conditions:

1) The defendant must not violate federal, state, or local law while on release.

2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

4) The defendant must appear in court as required and must surrender as directed to serve a sentence that the court may impose.

5) The defendant must not possess a firearm, ammunition, destructive device, or other weapon.

6) The defendant must not obtain a passport or other international travel document.

7) The defendant must not travel outside the Eastern District of Tennessee unless permission is granted by the United States Probation Office.

8) The defendant must not use alcohol.

9) The defendant must not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

10) The defendant must submit to drug testing at the direction of the United States Probation Office.

11) The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

12) The defendant must take all mental health medication as prescribed by his treatment provider(s). If deemed appropriate by the treatment provider and the United States Probation Office, the defendant shall submit to quarterly blood tests to determine if he is taking the medication as prescribed.

13) The defendant must report, as soon as possible, to the United States Probation Office any and every contact with law enforcement personnel, including arrests, questioning, and traffic stops.

14) The defendant must report to the United States Probation Office as directed by the United States Probation Office.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE